GARRISON, Judge.
The defendant, Keith Melancon, was charged by bill of information with attempted aggravated rape, a violation of LSA-R.S. 14:27 and 14:42, and with attempted second degree murder, a violation of LSA R.S. 14:27 and 14:30.1. A jury found the defendant not guilty on the attempted aggravated rape charge and guilty of aggravated battery, a responsive verdict to the attempted second degree murder charge.
The defendant was originally sentenced to ten years at hard labor for the aggravated battery conviction and to two years at hard labor without parole, probation or suspension of sentence for a violation of LSA-R.S. 14:95.2, i.e. possession of a firearm by a convicted felon. The trial judge ordered that these sentences be served consecutively-
The State subsequently filed a multiple bill against the defendant. After being adjudged as a multiple offender, the trial judge vacated defendant’s original sentences and resentenced the defendant to eighteen years at hard labor.
On June 5, 1985, in KA 3137, this court affirmed defendant’s conviction and original sentence in an unpublished opinion. The defendant subsequently appealed his enhanced sentence which was imposed while the appeal of his conviction was pending. In that appeal, the defendant argued that he was denied effective assistance of counsel and that his sentence was excessive.
On August 6, 1986, in KA 4357, this court in an unpublished opinion vacated defendant’s enhanced sentence because, according to the law in effect at that time, the trial court was without jurisdiction to enhance defendant’s sentence after the appeal order had been entered. 497 So.2d 795. The court then reimposed defendant’s original sentence of ten years at hard labor for the aggravated battery conviction and an additional two years at hard labor without benefit of parole, probation or suspension of sentence for the violation of LSA-R.S. 14:95.2.
Because this court vacated defendant’s enhanced sentence on other grounds, it did not consider defendant’s argument that the sentence was excessive. In defendant’s other assignment of error, he argued that he was denied effective assistance of counsel because his attorney left the courtroom prior to the state’s rebuttal closing argument. This court refused to consider this assignment of error stating that it was improperly before the court because the defendant’s appeal of his conviction was *1091 finalized when it was affirmed by this court in KA-3137.
After the appeal in KA-4357 was finalized, the State again filed a multiple bill against the defendant. The defendant was again adjudged as a multiple offender and, subsequently, the trial judge vacated defendant’s original sentences and resen-tenced him as a multiple offender to eighteen years at hard labor. Defendant now appeals his enhanced sentence alleging again that he received ineffective assistance of counsel and that his sentence is excessive.
In the first assignment of error, defendant again argues that he received ineffective assistance of counsel because his attorney left the courtroom prior to the State’s rebuttal closing argument. This assignment is not properly before this court and will not be considered for the same reasons enunciated in defendant’s appeal in KA 4357, i.e. defendant’s conviction was finalized in his appeal in KA 3137. This issue is more properly the subject of an application for post-conviction relief.
Thus, the only assignment of error to be considered in this appeal is whether defendant’s enhanced sentence is excessive. The sentencing range for an aggravated battery conviction is defined in LSA-R.S. 14:34 as follows:
“... B. whoever commits the crime of aggravated battery shall be fined not more than five thousand dollars, imprisoned with or without hard labor for not more than ten years, or both.”
The defendant was adjudged to be a second offender and was sentenced to eighteen years at hard labor. The multiple offender statute, LSA-R.S. 15:529.1, states that a second offender is to be sentenced to not less than one-third the longest term and not more than twice the longest term imposed for the conviction. Clearly, the defendant’s enhanced sentence falls within the statutory limits.
Furthermore, the eighteen year sentence is clearly justified in this case as noted in the trial judge’s reasons for defendant’s original sentence which follow:
“The defendant committed an extreme-, ly serious offense. He shot the lady four or possibly five times, the victim in this case, including one shot to the jaw causing serious injury and almost death; that the defendant in this Court’s opinion lied on the stand. I’m not sure exactly what went on throughout the course of this event, but the Court is convinced as was the jury beyond a reasonable doubt that the event took place and motive for doing it is still unknown to the Court — although no motive is necessary. If this Court could give a longer sentence, it would. Any lesser sentence would deprecate from the seriousness of the crime. This Court feels that this defendant needs to be removed from the streets of the City of New Orleans, and he is a menace to society. The Court further finds that the defendant would commit another crime if would be given any type of probationary treatment.”
Although the trial judge did not reiterate his reasons when he imposed the enhanced sentence, it can be assumed that the same reasons apply. Additionally, the record in this case clearly supports the defendant’s eighteen year sentence.
Therefore, for these reasons, the defendant’s enhanced sentence is affirmed.
AFFIRMED.